DEBORAH S. TROPP, ESQ. – BAR NO. 162613
dtropp@mtbattorneys.com
TRACY L. BREUER, ESQ. – BAR NO. 238687
tbreuer@mtbattorneys.com
McNEIL TROPP & BRAUN LLP
2 Park Plaza, Suite 620
Irvine, California  92614
Ph:  (949) 259-2890; Fax:  (949) 259-2891

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION, a Washington Corporation

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISON

| | |
|---|---|
| LYNNETTE BAIN,<br><br>          Plaintiff,<br><br>     vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 TO 15, inclusive,<br><br>          Defendants, | CASE NO.  8:20-cv-00031<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF, LYNNETTE BAIN, AND TO HER COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant, COSTCO WHOLESALE CORPORATION, a Washington Corporation ("Defendant"), hereby removes this action from the Superior Court of the State of California, County of Orange, Central District, to the United States District Court, Central District of California, Southern Division and sets forth in support of its Notice of Removal of Action the following:

1.   On October 10, 2019, Plaintiff, LILIANA RINCON ("Plaintiff"),

commenced an action against Defendant by filing a Summons and Complaint in the Superior Court of California, County of Orange, Central District, Case No. *30-2019-01103620-CU-PO-CJC*.  (A true and accurate copy of Plaintiff's Summons, Complaint, and Alternative Dispute Resolution (ADR) Information Packet are attached as **Exhibit A** to the Declaration of Tracy L. Breuer.)

2. Plaintiff filed an unlimited civil complaint seeking monetary damages in excess of $25,000.00.  In the complaint, and as a result of the slip and fall incident, Plaintiff claims to have suffered: (1) wage loss; (2) hospital and medical expenses; (3) general damages; and (4) loss of earning capacity.  (See Complaint at p. 3.)  Plaintiff prays for compensatory damages according to proof.

3. Plaintiff provided a Proof of Service of Summons and Complaint on Defendant stating that Defendant was served on December 9, 2019. (A true and accurate copy of Plaintiff's Proof of Service is attached to the Declaration of Tracy L. Breuer as **Exhibit B**.)

4. Defendant first received notice of this action on December 9, 2019, a date less than 30 days before the date this notice of removal is filed. Defendant has not otherwise been served with any other process, pleadings, or orders, other than those attached as Exhibits A and B. (*See* Breuer Dec. at ¶ 2, 3.)

5. Defendant has filed this Notice pursuant to 28 U.S.C. § 1446(b) in a timely fashion, in that this Notice has been filed within one year of the commencement of the action and within 30 days of service of the summons and complaint. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc. 526 U.S. 344 (1999).

## Complete Diversity Exists

6. This action wholly involves citizens of different states. At the time this action was commenced, and since that time, Plaintiff was and is a resident and citizen of the State of California, with her domicile in the State of California.  (*See*

Breuer Dec. at ¶ 4.)

7. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant was, at the time of the filing of this action, and still is, a citizen of the State of Washington, where it has its principal place of business and where it is incorporated. (*See* **Exhibit C** to Breuer Decl.; Breuer Decl. ¶ 5.)

8. Pursuant to 28 U.S.C. §1441(a), the fictitious defendants named in the complaint are disregarded for purposes of determining the existence of diversity citizenship.

## The Amount in Controversy Requirement is Satisfied

9. Plaintiff filed an unlimited civil complaint seeking monetary damages in excess of $25,000.00. In the complaint, and as a result of the slip and fall incident, Plaintiff claims to have suffered: (1) wage loss; (2) hospital and medical expenses; (3) general damages; and (4) loss of earning capacity. (*See* Complaint at p. 3.) Plaintiff prays for compensatory damages according to proof.

10. Plaintiff has also provided a correspondence prior to filing the lawsuit that she is seeking damages for past medical treatment and general damages. On January 3, 2020, counsel for Plaintiff stated that this claim exceeds $75,000. (*See* Breuer Decl. ¶ 7.)

11. Thus, based on the facts provided above, the amount in controversy, exclusive of interest and costs, is in the excess of $75,000.00. This Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and, because Defendant is not a citizen or resident of the State of California, wherein this action is pending, removal of the action to this court is proper under 28 U.S. Code § 1441(a).

## The Other Requirements for Removal Are Met

12. A copy of the Notice to Adverse Parties of Removal of the Case to

3

Case No.: 8:20-cv-00031

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

Federal Court, which is attached to this Notice, will be filed with the Superior Court of California, County of Orange, Central District and served on all involved parties to this action. (A true and correct copy of the Notice to Adverse Parties of Removal of Case to Federal Court is attached to the Declaration of Tracy L. Breuer as **Exhibit D**.)

13. Removal to this Court is proper as the Superior Court of the State of California, County of Orange, where this action was originally filed, is located within this district.

14. Plaintiff has been served with this Notice of Removal, and the additional supporting pleadings.

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, prays that this action be removed to this Court.

Dated: January 7, 2020                    McNEIL TROPP & BRAUN LLP

By: /s/ Tracy L. Breuer
Deborah S. Tropp, Esq.
Tracy L. Breuer, Esq.
Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION a Washington
Corporation

4
Case No.: 8:20-cv-00031                    DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                                           UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

# CERTIFICATE OF SERVICE

I hereby certify on January 7, 2020, I electronically filed the foregoing: **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** with the Clerk of the Court for the United States District Court, Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the USDC-Central District of California CM/ECF system.

I further certify that participants in the case not registered to as CM/ECF users have been mailed a true and correct copy of the above described documents by First Class Mail, postage pre-paid, to the following non-CM/ECF participants:

Robert B. Gibson, Esq.
Gibson & Hughes
1851 E. First Street, Suite 650
Santa Ana, California 92705

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☑ **FEDERAL:** I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed on January 7, 2020, at Irvine, California.

*/s/ Tracy L. Breuer*
TRACY L. BREUER