# EXHIBIT "A"

12-9-19 3:00⁰

Electronically Filed by Superior Court of California, County of Orange, 10/10/2019 10:28:33 AM.
DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk. 30-2019-01103620-CU-PO-CJC ROA # 4

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** COSTCO WHOLESALE CORPORATION, and
*(AVISO AL DEMANDADO):* DOES 1 to 15, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LYNNETTE BAIN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandado. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>700 Civic Center Drive West<br>Santa Ana, California 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**30-2019-01103620-CU-PO-CJC**<br><br>Judge Theodore Howard |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Robert B. Gibson, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GIBSON & HUGHES                                                           714-547-8377
1851 E. First Street, Suite 650, SANTA ANA, CA 92705

**DATE:** 10/10/2019   David H. Yamasaki, Clerk of the Court   Clerk, by *Richard Clark* , Deputy
*(Fecha)*                                                    *(Secretario)*                     *(Adjunto)*
                                                                                              Richard Clark

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COSTCO WHOLESALE CORPORATION

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT A - 2

Electronically Filed by Superior Court of California, County of Orange, 10/10/2019 10:28:33 AM.
DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk. 30-2019-01103620-CU-PO-CJC ROA # 2

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Robert B. Gibson, Esq.         SBN: 162347<br>**GIBSON & HUGHES**<br>1851 E. First Street, Suite 650<br>SANTA ANA, CA 92705<br>TELEPHONE NO: 714-547-8377      FAX NO. *(Optional):* 714-547-8378<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: LYNNETTE BAIN

DEFENDANT: COSTCO WHOLESALE CORPORATION,

[X] DOES 1 TO  15, inclusive

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE    [X] OTHER *(specify):* Premises Liability
   [ ] Property Damage    [ ] Wrongful Death
   [ ] Personal Injury    [X] Other Damages *(specify):* General Negligence

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded  [ ] does not exceed $10,000
                    [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
       [ ] from limited to unlimited
       [ ] from unlimited to limited

CASE NUMBER:
30-2019-01103620-CU-PO-CJC
Judge Theodore Howard

1. Plaintiff *(name or names):* Lynnette Bain
   alleges causes of action against defendant *(name or names):* Costco Wholesale Corporation,

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**PLD-PI-001**

| SHORT TITLE: BAIN v. COSTCO WHOLESALE CORPORATION, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Costco Wholesale Corporation
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1 to 15 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1 to 15 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

EXHIBIT A - 4

PLD-PI-001

| SHORT TITLE:   BAIN v. COSTCO WHOLESALE CORPORATION, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
  a. ☐ Motor Vehicle
  b. ☒ General Negligence
  c. ☐ Intentional Tort
  d. ☐ Products Liability
  e. ☒ Premises Liability
  f. ☐ Other *(specify)*:

11. Plaintiff has suffered
  a. ☒ wage loss
  b. ☐ loss of use of property
  c. ☒ hospital and medical expenses
  d. ☒ general damage
  e. ☐ property damage
  f. ☒ loss of earning capacity
  g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
  a. ☐ listed in Attachment 12.
  b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. (1) ☒ compensatory damages
     (2) ☐ punitive damages
     The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
     (1) ☒ according to proof
     (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*: All paragraphs of this complaint.

Date: October 10, 2019

Robert B. Gibson, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

PLD-PI-001(4)

| SHORT TITLE: BAIN v. COSTCO WHOLESALE CORPORATION; et al. | CASE NUMBER: |
|---|---|

| FIRST | CAUSE OF ACTION—Premises **Liability** | Page 4 |
|---|---|---|
| (number) | | |

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1.** Plaintiff *(name):* LYNNETTE BAIN
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* October 20, 2017      plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):* at or near Costco located at 115 Technology
Drive, in the City of Irvine, County of Orange, Plaintiff slipped and fell.

**Prem.L-2.**   [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):* COSTCO WHOLESALE CORPORATION,

[X] Does _____ to _____

**Prem.L-3.**   [ ] **Count Two—Willful Failure to Warn [Civil Code section 846]** The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[ ] Does _____ to _____
Plaintiff, a recreational user, was   [ ] an invited guest   [ ] a paying guest.

**Prem.L-4.**   [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ] The defendant public entity had   [ ] actual   [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

**Prem.L-5.** a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):* COSTCO WHOLESALE CORPORATION,

[X] Does _____ to _____

b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b   [X] as follows *(names):* COSTCO WHOLESALE CORPORATION,

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

EXHIBIT A - 6

PLD-PI-001(2)

| SHORT TITLE: BAIN v. COSTCO WHOLESALE CORPORATION, et al. | CASE NUMBER: |
|---|---|

**SECOND**      **CAUSE OF ACTION—General Negligence**     Page 5
(number)

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* LYNNETTE BAIN

alleges that defendant *(name):* COSTCO WHOLESALE CORPORATION,

     [X] Does    1    to   15, inclusive

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* or about October 20, 2017
at *(place):* or near Costco located at 115 Technology Drive, in the City of Irvine, County of Orange

*(description of reasons for liability):*

On the date and at the location mentioned above Plaintiff Lynnette Bain, (hereinafter referred to as "Plaintiff") while exercising due care and caution for her safety, slipped and fell on a shiny new polished concrete surface outside the store.

The Defendants negligently owned, managed and operated the premises and failed to provide any warning signs, and either knew or should have known of the existence of the slippery and polished concrete surface.

The fall and resulting injuries of Plaintiff were caused by the negligence of aforesaid Defendants who failed to utilize reasonable care in maintaining said premises in a safe manner. Defendants and their employees had the duty to maintain its premises in a safe manner and to warn of dangerous conditions. Defendants and its employees breached its duty by failing to maintain the premises and warn of a dangerous condition that it knew or should have known existed. As a result of Defendant allowing said dangerous condition to exist, without warning on its premises. Plaintiff suffered personal injuries.

The fall and resulting injuries of Plaintiff were caused by the negligence of aforesaid Defendants who failed to utilize reasonable care in the maintenance of said premises. Said fall has forced Plaintiff to incur medical expenses, as well as suffer severe physical pain and mental anguish.

The aforesaid acts of negligence on the part of the Defendants were the proximate cause of Plaintiff's injuries and the damages suffered therein.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

#### California Rules of Court — Rule 3.221
#### Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. April 2013)

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:      Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:      Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s)._____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____ _____    _____
             (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____ _____    _____
             (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                       California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

# EXHIBIT "B"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| ROBERT B. GIBSON, SBN 162347<br>1851 E 1ST ST STE 650<br><br>SANTA ANA        CA        92705<br>ATTORNEY FOR (Name    Plaintiff | (714) 547-8377 | |

| Insert of Court Name of Judicial District and Branch Court if any |
|---|
| ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER |

| SHORT TITLE OF CASE |
|---|
| BAIN v COSTCO WHOLESALE |

| 3603439 | (HEARING) Date | Time | Dept | Case Number:<br>30201901103620CUPOCJC |
|---|---|---|---|---|
| | | | | REFERENCE NO.<br>Bain, L. |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION

3. a. PARTY SERVED:   COSTCO WHOLESALE CORPORATION

   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   b. PERSON SERVED: DAISY MONTENEGRO, PERSON AUTHORIZED TO RECEIVE
   HISPANIC FEMALE 29YRS 5'04" 190LBS. BLACK HAIR BLACK EYES

4. c. ADDRESS:    818 W 7TH ST STE 930
   LOS ANGELES        CA        90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON    12/9/2019  AT   3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   COSTCO WHOLESALE CORPORATION

   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

| | |
|---|---|
| 7a. Person Serving:    V. Enrique    Mendez | d. The fee for service was           $63.90<br>e. I am: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)     not a registered California process server:<br>(3) X   registered California process server:<br>(i) Independent Contractor |
| c. (714) 662-5555 | (i) Registration No:                          3428<br>(i) County:   LOS ANGELES |
| 8. I declare under the penalty of perjury under the laws of the State of California that the<br>foregoing is true and correct. V. Enrique    Mendez<br>12/17/2019 | |
| | SIGNATURE |

Form Approved for Optional Use Judicial
Council of California
PCS-010 [REV Jan 1 2007]

PROOF OF SERVICE

CRC 982(A)(23)

# EXHIBIT "C"

EXHIBIT C - 1

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Sunday, January 5, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1587907   COSTCO WHOLESALE CORPORATION

| | |
|---|---|
| **Registration Date:** | 06/05/1987 |
| **Jurisdiction:** | WASHINGTON |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 999 LAKE DRIVE |
| | ISSAQUAH WA 98027 |
| **Entity Mailing Address:** | P.O. BOX 35005 |
| | SEATTLE WA 98124 |

A Statement of Information is due EVERY year beginning five months before and through the end of June.

| Document Type | ⬍ | File Date | ⬍ | PDF |
|---|---|---|---|---|
| SI-COMPLETE | | 06/27/2019 | | |
| PUBLICLY TRADED DISCLOSURE | | 12/28/2018 | | |
| SI-COMPLETE | | 04/12/2018 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/22/2018 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/13/2017 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/11/2016 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/12/2015 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/16/2014 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/17/2013 | | |

EXHIBIT C - 2

| Document Type | File Date ↕ | PDF ↕ |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 01/24/2012 | |
| PUBLICLY TRADED DISCLOSURE | 01/21/2011 | |
| PUBLICLY TRADED DISCLOSURE | 01/22/2009 | |
| PUBLICLY TRADED DISCLOSURE | 01/09/2008 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2007 | |
| PUBLICLY TRADED DISCLOSURE | 01/26/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2004 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 09/11/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 01/22/1988 | |
| REGISTRATION | 06/05/1987 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- If the image is not available online, for information on ordering a copy refer to Information Requests.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Frequently Asked Questions.

**Modify Search      New Search      Back to Search Results**

EXHIBIT C - 3

# EXHIBIT "D"

1  DEBORAH S. TROPP, ESQ. – BAR NO. 162613
   TRACY L. BREUER, ESQ. – BAR NO. 238687
2  McNEIL TROPP & BRAUN LLP
   2 Park Plaza, Suite 620
3  Irvine, California 92614
   Ph: (949) 259-2890; Fax: (949) 259-2891
4  dtropp@mtbattorneys.com; tbreuer@mtbattorneys.com

5  Attorneys for Defendant COSTCO WHOLESALE CORPORATION

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF ORANGE

10

11  LYNNETTE BAIN,                         CASE NO. 30-2019-01103620-CU-PO-CJC
                                            *Assigned for all Purposes to the*
12                  Plaintiff,              *Honorable Theodore R. Howard - Dept. C18*

13       vs.                                **DEFENDANT'S NOTICE TO ADVERSE
                                            PARTIES OF REMOVAL OF CASE TO
14  COSTCO   WHOLESALE   CORPORATION,       FEDERAL COURT
    and DOES 1 TO 15, inclusive,            UNDER 28 U.S.C § 1441 (a)
15                                          (DIVERSITY)**

16                  Defendants,             *Action Filed: June 14, 2019*
                                            *Trial Date:    ***
17

18

19       TO PLAINTIFF, LYNNETTE BAIN, AND TO HER COUNSEL OF RECORD:

20       **NOTICE   IS   HEREBY   GIVEN**   that   Defendant,   COSTCO   WHOLESALE

    CORPORATION, a Washington Corporation, has filed a Notice of Removal of the above-
21
    captioned action, a copy of which is attached hereto (without exhibits), with the United States
22
    District Court for the Central District of California, Southern Division.
23
    ///
24
    ///
25
    ///
26
    ///
27
    ///
28

─────────────────────────────────────────────
                            1
    DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
                 UNDER 28 U.S.C § 1441 (a) (DIVERSITY)

1      **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d) the filing of

2 said Notice in the United States District Court, together with the filing of said Notice with this

3 Court, effects the removal of this action and the above-captioned Court may proceed no further

4 unless and until the case has been remanded.

5 Dated: January 6, 2020                        McNEIL TROPP & BRAUN LLP

6

7                                  By:_____

8                                     Deborah S. Tropp, Esq.

9                                     Tracy L. Breuer, Esq.

                                    Attorneys for Defendant

10                                     COSTCO WHOLESALE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a) (DIVERSITY)

1   DEBORAH S. TROPP, ESQ. – BAR NO. 162613
    dtropp@mtbattorneys.com
2   TRACY L. BREUER, ESQ. – BAR NO. 238687
    tbreuer@mtbattorneys.com
3   McNEIL TROPP & BRAUN LLP
    2 Park Plaza, Suite 620
4   Irvine, California 92614
    Ph: (949) 259-2890; Fax: (949) 259-2891
5

6   Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION, a Washington
7   Corporation

8

9                      UNITED STATES DISTRICT COURT
                       CENTRAL DISTRICT OF CALIFORNIA
10                          SOUTHERN DIVISON

11

12  LYNNETTE BAIN,                      CASE NO.

13             Plaintiff,              DEFENDANT'S NOTICE OF
                                       REMOVAL OF ACTION UNDER 28
14      vs.                            U.S.C. § 1441(a) (DIVERSITY)

15

16  COSTCO WHOLESALE
    CORPORATION, and DOES 1 TO 15,
17  inclusive,

18             Defendants,

19

20

21  **TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF,**

22  **LYNNETTE BAIN, AND TO HER COUNSEL OF RECORD:**

23      **NOTICE IS HEREBY GIVEN** that Defendant, COSTCO WHOLESALE

24  CORPORATION, a Washington Corporation ("Defendant"), hereby removes this

25  action from the Superior Court of the State of California, County of Orange, Central

26  District, to the United States District Court, Central District of California, Southern

27  Division and sets forth in support of its Notice of Removal of Action the following:

28      1.    On October 10, 2019, Plaintiff, LILIANA RINCON ("Plaintiff"),

                                       1
Case No.:                      DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                   EXHIBIT D - 1 UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

1   commenced an action against Defendant by filing a Summons and Complaint in the
2   Superior Court of California, County of Orange, Central District, Case No. *30-
3   2019-01103620-CU-PO-CJC*. (A true and accurate copy of Plaintiff's Summons,
4   Complaint, and Alternative Dispute Resolution (ADR) Information Packet are
5   attached as **Exhibit A** to the Declaration of Tracy L. Breuer.)

6       2.    Plaintiff filed an unlimited civil complaint seeking monetary damages
7   in excess of $25,000.00. In the complaint, and as a result of the slip and fall
8   incident, Plaintiff claims to have suffered: (1) wage loss; (2) hospital and medical
9   expenses; (3) general damages; and (4) loss of earning capacity. (See Complaint at
10  p. 3.) Plaintiff prays for compensatory damages according to proof.

11      3.    Plaintiff provided a Proof of Service of Summons and Complaint on
12  Defendant stating that Defendant was served on December 9, 2019. (A true and
13  accurate copy of Plaintiff's Proof of Service is attached to the Declaration of
14  Tracy L. Breuer as **Exhibit B.**)

15      4.    Defendant first received notice of this action on December 9, 2019, a
16  date less than 30 days before the date this notice of removal is filed. Defendant has
17  not otherwise been served with any other process, pleadings, or orders, other than
18  those attached as Exhibits A and B. (*See* Breuer Dec. at ¶ 2, 3.)

19      5.    Defendant has filed this Notice pursuant to 28 U.S.C. § 1446(b) in a
20  timely fashion, in that this Notice has been filed within one year of the
21  commencement of the action and within 30 days of service of the summons and
22  complaint. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc. 526 U.S. 344
23  (1999).

24              **Complete Diversity Exists**

25      6.    This action wholly involves citizens of different states. At the time this
26  action was commenced, and since that time, Plaintiff was and is a resident and
27  citizen of the State of California, with her domicile in the State of California. (*See*

28

Case No.:                DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                    EXHIBIT D - UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

1  Breuer Dec. at ¶ 4.)

2      7.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a

3  citizen of any State by which it has been incorporated and of the State where it has

4  its principal place of business."  Defendant was, at the time of the filing of this

5  action, and still is, a citizen of the State of Washington, where it has its principal

6  place of business and where it is incorporated.  (*See* **Exhibit C** to Breuer Decl.;

7  Breuer Decl. ¶ 5.)

8      8.    Pursuant to 28 U.S.C. §1441(a), the fictitious defendants named in the

9  complaint are disregarded for purposes of determining the existence of diversity

10  citizenship.

11           **The Amount in Controversy Requirement is Satisfied**

12      9.    Plaintiff filed an unlimited civil complaint seeking monetary damages

13  in excess of $25,000.00.  In the complaint, and as a result of the slip and fall

14  incident, Plaintiff claims to have suffered: (1) wage loss; (2) hospital and medical

15  expenses; (3) general damages; and (4) loss of earning capacity. (*See* Complaint at

16  p. 3.)  Plaintiff prays for compensatory damages according to proof.

17      10.    Plaintiff has also provided a correspondence prior to filing the lawsuit

18  that she is seeking damages for past medical treatment and general damages.  On

19  January 3, 2020, counsel for Plaintiff stated that this claim exceeds $75,000. (*See*

20  Breuer Decl. ¶ 7.)

21      11.    Thus, based on the facts provided above, the amount in controversy,

22  exclusive of interest and costs, is in the excess of $75,000.00. This Court therefore

23  has original jurisdiction of this action under 28 U.S.C. § 1332 and, because

24  Defendant is not a citizen or resident of the State of California, wherein this action is

25  pending, removal of the action to this court is proper under 28 U.S. Code § 1441(a).

26           **The Other Requirements for Removal Are Met**

27      12.    A copy of the Notice to Adverse Parties of Removal of the Case to

28

1   Federal Court, which is attached to this Notice, will be filed with the Superior Court

2   of California, County of Orange, Central District and served on all involved parties

3   to this action. (A true and correct copy of the Notice to Adverse Parties of Removal

4   of Case to Federal Court is attached to the Declaration of Tracy L. Breuer as

5   **Exhibit D.**)

6        13.    Removal to this Court is proper as the Superior Court of the State of

7   California, County of Orange, where this action was originally filed, is located

8   within this district.

9        14.    Plaintiff has been served with this Notice of Removal, and the

10   additional supporting pleadings.

11        WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION,

12   prays that this action be removed to this Court.

13

14   Dated: January 7, 2020                    McNEIL TROPP & BRAUN LLP

15

16                                    By:   /s/ Tracy L. Breuer
17                                           Deborah S. Tropp, Esq.
18                                           Tracy L. Breuer, Esq.
                                             Attorneys for Defendant
19                                           COSTCO WHOLESALE
20                                           CORPORATION a Washington
                                             Corporation
21

22

23

24

25

26

27

28

---

Case No.:                              DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                          EXHIBIT D   UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

## CERTIFICATE OF SERVICE

I hereby certify on January 7, 2020, I electronically filed the foregoing: **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** with the Clerk of the Court for the United States District Court, Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the USDC-Central District of California CM/ECF system.

I further certify that participants in the case not registered to as CM/ECF users have been mailed a true and correct copy of the above described documents by First Class Mail, postage pre-paid, to the following non-CM/ECF participants:

Robert B. Gibson, Esq.
Gibson & Hughes
1851 E. First Street, Suite 650
Santa Ana, California 92705

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☑    **FEDERAL:** I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed on January 7, 2020, at Irvine, California.

*/s/ Tracy L. Breuer*
TRACY L. BREUER

Case No.:                                   DEFENDANT'S NOTICE OF REMOVAL OF ACTION
EXHIBIT D -19NDER 28 U.S.C. § 1441(a) (DIVERSITY)

1

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

2

STATE OF CALIFORNIA    )
                             ) ss.

3

COUNTY OF ORANGE        )

4

     I am employed in the aforesaid County, State of California. I am over the age of 18 years

5

and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

6

     On January 7, 2020, I served the foregoing document described as **DEFENDANT'S**

7

**NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT UNDER 28 U.S.C § 1441 (a) (DIVERSITY)** on the interested parties in this action by:

8

   ☑      **Placing ___the original _x_ a true copy thereof, enclosed in sealed envelopes,**

9

**addressed as follows on the attached SERVICE LIST.**

10

☑ 1   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing

11

correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the

12

ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit

13

for mailing an affidavit.

14

  2   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

15

16

   **BY FEDERAL EXPRESS:**

17

   **BY FACSIMILE TRANSMISSION:** From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used

18

complied with Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document

19

contained in our file, a copy of which is available upon request.

20

☑   **STATE:**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

Executed on January 7, 2020, at Irvine, California.

22

23

JENA M. RIVERA

24

25

26

27

28

---

3

DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a) (DIVERSITY)

<u>SERVICE LIST</u>

<u>**BAIN v. COSTCO**</u>
4700-46

| Robert B. Gibson, Esq.<br>Gibson & Hughes<br>1851 E. First Street, Suite 650<br>Santa Ana, California 92705 | **Attorneys for Plaintiff LYNNETTE BAIN**<br><br>*(714) 547-8377*<br>*Fax: (714) 547-8378*<br><u>rgibson@gibsonhugheslaw.com</u> |

DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a) (DIVERSITY)